# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE SEPARATE INSTRUCTION SHEET)

## I. (a) PLAINTIFFS

Carol and James McKenna, h/w
48 Queens Road
Rockaway, NJ 07866

## DEFENDANTS

Tanger Factory Outlet Centers, Inc.
311 Stanley K. Tanger Blvd.
Lancaster, PA 19462

(b) County of Residence of First Listed  Morris County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Lancaster County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)
Robert L. Sachs, Jr.
Christopher A. Bradley, Esquire
Shrager, Spivey & Sachs
Two Commerce Square
32nd Floor
2001 Market Street
Philadelphia, PA 19103
215-568-7771

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | x 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | x 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT
(Refer to Instruction sheet)

Please insert Nature of Suit Code _____360-Other Personal Injury_____

Please insert Description  Partial amputation of fingers on right hand

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 Diversity of Citizenship

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ More than $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  Yes  X No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  9/6/06

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL AND JAMES MCKENNA, h/w<br>48 Queens Road<br>Rockaway, NJ 07866<br>    Plaintiffs<br>  v.<br><br>TANGER FACTORY OUTLET<br>CENTERS, INC.<br>311 Stanley K. Tanger Blvd<br>Lancaster, PA 19462,<br>    Defendant | :<br>:<br>:<br>:<br>:  Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

Plaintiffs, by and through their attorneys, Shrager, Spivey & Sachs, hereby demand damages against the defendant in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and damages for prejudgment delay, upon causes of action of which the following are statements:

## PARTIES, JURISDICTION AND VENUE

1.　　Plaintiffs, Carol and James McKenna, are citizens and residents of the State of New Jersey, residing therein at 48 Queens Road, Rockaway, NJ 07866.

2.　　Defendant, Tanger Factory Outlet Centers, Inc. (hereinafter "Tanger") is, upon information and belief, a corporation organized and existing under the laws of the State of North Carolina, with a place of business located at 311 Stanley K. Tanger Blvd., Lancaster, PA 19462.

3.　　At all times material hereto, defendant acted individually and/or through its agents, servants and/or employees who were then and there acting within the course and scope of their employment and/or agency with defendant.

4.  At all times material hereto, Tanger owned, operated and/or was in possession and control of a certain piece of real estate located at 311 Stanley K. Tanger Blvd., Lancaster, PA 19462 (hereinafter referred to as the "Tanger Outlet Center" or "premises").

5.  At all times material hereto, plaintiff, Carol McKenna, was an invitee of defendant Tanger, and was lawfully on the premises of defendant within the scope of the purpose of the premises.

6.  This Court has jurisdiction over this civil action pursuant to 28 U.S. §1332, in that the matter in controversy exceeds the sum of $75,000.00, and is between citizens of different states.

7.  Venue in this Court is appropriate pursuant to 28 U.S. §1391.

## FACTUAL BACKGROUND

8.  At all times material hereto, defendant, Tanger, was in exclusive control of the premises as aforesaid, including the maintenance and repair of the aforesaid premises.

9.  On or about February 26, 2006, plaintiff Carol McKenna was walking on defendant's premises, from the parking lot and onto the sidewalk in front of the Guess outlet store, when the plaintiff was caused to slip and fall as a result of a defective condition of defendant's sidewalk where the defendant negligently created a painted handicap sidewalk cut-out, creating a hazard to pedestrians.

10. As a result of the negligence of the defendant, plaintiff suffered severe and permanent injuries, and serious impairment of bodily functions as set forth below.

## COUNT I - NEGLIGENCE
## Carol McKenna v. Defendant

11. Plaintiff hereby incorporates herein by reference Paragraphs 1 through 10 as if set forth in their entirety.

12. The negligence of the defendant, Tanger, their agents, servants and/or employees consisted of the following:

- (a) creating a handicap sidewalk cut-out that was too steep, failing to comply with the applicable regulations under the Americans with Disabilities Act, and thereby creating a hazard to pedestrians;

- (b) failing to use proper slip resistant materials in painting the handicap sidewalk cut-out;

- (c) failure to make reasonable and timely inspections of the sidewalk;

- (d) failing to give plaintiff warning of the condition, erect barriers, or take any other safety precautions to prevent injury to the plaintiff;

- (e) failing to adequately maintain the sidewalk; and

- (f) failing to repair the defective condition of the sidewalk.

13. As a result of the negligence and carelessness of defendant, Carol McKenna sustained multiple injuries, including but not limited to trimalleolar fracture and dislocation of the left ankle.

14. As a further result of the negligence of the defendant, Carol McKenna has required extensive medical and surgical treatment, and will continue to require extensive medical treatment into the future, some of which may have been or may become a properly recoverable item of special damages.

15. As a further result of the negligence of defendant, Carol McKenna has been

caused and will in the future be caused to miss substantial amounts of time from her work.

16. As a further result of the negligence of the defendant, Carol McKenna has undergone pain, suffering and humiliation in the past, and will continue with this pain, suffering and humiliation from her injuries into the future.

17. As a further result of the negligence of defendant, Carol McKenna has suffered great mental anguish and distress, embarrassment and humiliation.

18. As a further result of the negligence of defendant, Carol McKenna has suffered the loss of life's pleasures.

19. As a further result of the negligence of defendant, Carol McKenna has been forced to incur substantial expenditures for medical and other expenses and will continue to expend money in the future for such medical and other expenses, some of which may have been or may become a properly recoverable item of special damages.

WHEREFORE, Plaintiff, Carol McKenna, demands judgment against the Defendant for compensatory damages, together with interest, costs and attorney's fees.

### COUNT II - LOSS OF CONSORTIUM
### James McKenna v. Defendant

20. Paragraphs 1 through 19 are hereby incorporated by reference as though set forth at length herein.

21. At all times pertinent hereto, plaintiff James McKenna was, and continues to be, the lawful husband of plaintiff, Carol McKenna.

22. As a further direct and proximate result of the unlawful conduct of defendant, and

consequent injuries to plaintiff, Carol McKenna, plaintiff, James McKenna, has been deprived of the society, services, advice, companionship and consortium of his wife, and will continue to be deprived of the same to his great detriment for an indefinite period of time in the future.

WHEREFORE, Plaintiff, James McKenna, demands judgment against the Defendant for compensatory damages, together with interest, costs and attorney's fees.

Respectfully Submitted,

**Shrager, Spivey & Sachs**

By: _____
**Robert L. Sachs, Jr., Esquire**
**Christopher A. Bradley, Esquire**
2001 Market Street, 32nd Floor
Two Commerce Square
Philadelphia, PA 19103
(215) 568-7771
(215)568-7495-fax
cbradley@shragerlaw.com
Attorneys for Plaintiff